UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bruce Edward Canady, | Case No. 21-cv-1491 (KMM/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Guy Bosch, | |
| Respondent. | |

Bruce Edward Canady, OID #245635, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003 (pro se Petitioner); and

Edwin W. Stockmeyer, III, and Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101; and Janelle P. Kendall, and Michael J. Lieberg, Stearns County Attorney's Office, 705 Courthouse Square, Room 448, St. Cloud, MN 56303 (for Respondent).

This matter is before the Court, U.S. Magistrate Judge Tony N. Leung, on a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). *See generally* Pet., ECF No. 1. This action has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Katherine M. Menendez, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(b). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the petition be denied and dismissed with prejudice.

1

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A. State Trial Court Proceedings

In November 2018, Petitioner was charged with two felony sex-trafficking offenses: promoting the prostitution of an individual and engaging in the sex trafficking of an individual. *State v. Canady*, No. A19-2025, 2021 WL 164518, at *1 (Minn. Ct. App. Jan. 19, 2021), *review denied* (Minn. Apr. 20, 2021).[1] In February 2019, prosecutors amended the complaint and charged Petitioner with an additional felony offense: receiving profits from the prostitution of an individual. *Id*.

According to the amended complaint, an adult woman with the initials K.F.-H. was the "individual" victim of each count. *Id*. Prosecutors also alleged a statutory sentencing-enhancement factor of "more than one sex trafficking victim" was present for each count. *Id*. "To support its allegations, the complaint referenced Facebook messages between [Petitioner] and K.F.-H and [Petitioner] and two additional anonymous victims. The complaint also detailed Facebook messages that [Petitioner] had sent to other people in which he advertised that he had women available for prostitution." *Id*.

At Petitioner's trial, three women testified. *Id*. K.F.-H. and A.M. testified that Petitioner drove them to prostitution appointments, received money they earned through prostitution, and set up appointments for them to have sex with men for money. *Id*. D.S. testified that she created a prostitution advertisement for a woman at Petitioner's request. *Id*.

---

[1] A copy of this decision can be found at Respondent's Appendix pages 1-5. ECF No. 9-3.

2

Before and during trial, Petitioner's counsel objected to the admission of numerous Facebook messages on grounds of lack of foundation, hearsay, and violation of the Confrontation Clause of the United States Constitution. *Id*. Petitioner's counsel did not object to the Facebook messages on grounds that they were irrelevant, unfairly prejudicial, or constituted propensity evidence. *Id*. The district court ruled that some of the Facebook messages were inadmissible, ordered others to be redacted, and allowed others to be admitted with a cautionary instruction. *Id*.

When the district court provided its instructions to the jury, it named K.F.-H. as the "individual" involved in all three counts. *Id*. at *2. The district court also instructed the jury on the sentencing-enhancement factor, stating that the jury needed to determine whether the offense involved more than one sex trafficking victim. *Id*. The district court instructed the jury that it must reach a unanimous verdict. *Id*. Petitioner did not object to the district court's jury instructions or propose a different jury instruction requiring the jury to unanimously agree on the identities of the additional victim(s) under the enhancement provision. *Id*.

The jury found Petitioner guilty of all three counts. *Id*. The jury also found that the State proved that the "more than one sex trafficking victim" sentencing-enhancement factor was met for each count. *Id*. The district court entered convictions on each count but sentenced Petitioner only on the third count—engaging in the sex trafficking of an individual. *Id*. Petitioner was sentenced to 300 months' imprisonment. Resp't's Resp. at 1, ECF No. 8.

### B. Petitioner's Direct Appeal

Petitioner, through counsel, appealed to the Minnesota Court of Appeals. *See Canady*, 2021 WL 164518, at *2. He argued that the state trial court erred by (1) failing to instruct the jury that it must unanimously agree on which person or persons were the additional victims under the "more than one sex trafficking victim" sentencing-enhancement provision, and (2) allowing the State to introduce certain evidence about additional alleged victims that was irrelevant and unfairly prejudicial. *Id.*; *see also generally* ECF No. 9-1 ("Court of Appeals Brief"). The Minnesota Court of Appeals affirmed Petitioner's convictions. *Canady*, 2021 WL 164518, at *4-5.

Petitioner, through counsel, then filed a petition for review with the Minnesota Supreme Court. *See generally* ECF No. 9-4 ("Petition for Review"). He sought review on two issues: (1) whether review is necessary "to clarify when courts must provide a specific unanimity instruction where there is considerable confusion in the district courts and inconsistent opinions from the court of appeals on this issue"; and (2) whether review is necessary "to provide guidance to lower courts on admission of criminal defendants' other bad acts evidence, particularly where the State seeks to admit multiple instances and types of other bad acts." *Id.* at 3. The Minnesota Supreme Court denied review on April 20, 2021. *Canady*, 2021 WL 164518.

### C. Federal Habeas Petition

Petitioner seeks habeas relief on two grounds. *See generally* Pet. First, he argues that the trial court erred by admitting numerous Facebook messages over his counsel's objections on the following grounds: lack of foundation, hearsay, and violations of the

4

Confrontation Clause of the United States Constitution. *Id*. at 5. Second, he argues that the trial court erred by providing improper jury instructions. *Id*. at 7. He contends that review is necessary to clarify when courts must provide a specific unanimity instruction where there is considerable confusion. *Id*.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 governs a federal court's review of habeas corpus petitions filed by state prisoners. Section 2254 is used by state prisoners alleging they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quotation and citation omitted). Absent a claim that falls within the parameters of 28 U.S.C. § 2254(d), a habeas corpus petition will not prevail. *Id*.

A state court decision is contrary to clearly established federal law only "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable

5

from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). "An 'unreasonable application' of Supreme Court precedent occurs when a state court correctly identifies the governing legal standard but either unreasonably applies it to the facts of the particular case or unreasonably extends or refuses to extend the legal standard to a new context." *Munt v. Grandlienard*, 829 F.3d 610, 614 (8th Cir. 2016) (citing *Williams*, 529 U.S. at 407). "In other words, it is not enough . . . to conclude that, in [the court's] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006) (citation omitted).

A state prisoner "must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see* 28 U.S.C. § 2254(b)(1). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted). "To be fairly presented 'a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999)). "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to

6

satisfy the fairly presented requirement." *Id.* Additionally, "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32.

### A. Exhaustion

#### 1. Ground One: Confrontation Clause

First, Petitioner seeks habeas relief on "Confrontation Clause" grounds. *See* Pet. at 5. He notes that prior to and during trial, defense counsel disputed the admissibility of numerous Facebook messages and objected on grounds of lack of foundation, hearsay, and violation of the Confrontation Clause of the United States Constitution. *Id.* As best the Court can tell, Petitioner appears to argue that the trial court's admission of certain Facebook messages violated his right to confront witnesses against him under the Confrontation Clause of the Sixth Amendment of the United States Constitution.

Respondent contends that this claim is unexhausted because Petitioner did not raise a Confrontation Clause argument on direct appeal. Resp't's Resp. at 8. The Court agrees and finds that Petitioner did not fairly present this claim to the state courts. Instead, he argued, both to the Minnesota Court of Appeals and Minnesota Supreme Court, that the trial court erred by admitting Facebook messages because they were irrelevant under Minn. R. Evid. 401, constituted "other bad acts evidence" under Minn. R. Evid. 404(b), and were overly prejudicial under Minn. R. Evid. 403. *See* Appellant's Court of Appeals Brief at 24-28; Petition for Review at 8 (arguing that while Petitioner "objected to the admission of Facebook records on foundation, hearsay, and confrontation grounds before and during

trial," the Minnesota Supreme Court should "address whether the trial court erred by admitting significant other bad acts evidence"); *Canady*, 2021 WL 164518, at *1 ("He also argues that the district court erred by allowing the state to introduce evidence that he contends was irrelevant, unfairly prejudicial, and improper propensity evidence."). Petitioner relied on Minnesota evidentiary rules and state court cases interpreting those rules rather than presenting his argument as a federal constitutional issue or presenting a federal basis for review. The Minnesota state courts were therefore not alerted to any federal component of Petitioner's claim, and Petitioner never gave the state courts the opportunity to evaluate whether the admission of the evidence violated his Confrontation Clause rights. This claim is therefore unexhausted. *See O'Sullivan*, 526 U.S. at 842 ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

### 2. Ground Two: Improper Jury Instructions

Petitioner also seeks habeas relief on grounds of "improper jury instructions." Pet. at 7. He argues that "review is necessary to clarify when courts must provide a specific unanimity instruction where there is considerable confusion." *Id*.

Respondent argues that this claim is also unexhausted because Petitioner "did not clearly identify a federal constitutional issue that would have alerted Minnesota courts to the federal nature of his claim." Resp't's Resp. at 11. Again, the Court agrees. Petitioner arguably presented a federal claim on this ground to the Minnesota Court of Appeals, contending that his "constitutional right to a unanimous verdict was violated." Court of Appeals Brief at 19. Petitioner argued that he "was deprived of his right to unanimous

8

verdicts by the [trial] court's failure to require the jury to agree on which person or persons were the additional victims" on the verdict form. *Id*. at 19. He cited a United States Supreme Court case, *Richardson v. United States*, 526 U.S. 813 (1999), for the proposition that "[i]t is axiomatic that verdicts in criminal cases must be unanimous." *Id*. at 19-20. The Court, however, need not decide whether Petitioner presented a federal constitutional right to a unanimous verdict claim to the Minnesota Court of Appeals, because the Court finds that Petitioner did not fairly present it to the Minnesota Supreme Court. Accordingly, Petitioner has not exhausted this claim.

A claim is unexhausted when a petitioner "fail[s] to cite any federal cases or constitutional provisions in his petition to the state supreme court." *See Varnado v. Beltz*, No. 20-cv-1643 (ECT/HB), 2020 WL 8617556, at *3 (D. Minn. Dec. 14, 2020), *report and recommendation adopted*, 2021 WL 679290 (D. Minn. Feb. 22, 2021). A petition for review to the Minnesota Supreme Court, on its own, must alert the court to the federal nature of the claim. *Traylor v. Comm'r of Corr.*, No. 18-cv-1583 (JNE/SER), 2019 WL 9045388, at *4 (D. Minn. Jan. 4, 2019), *report and recommendation adopted*, 2019 WL 9045396 (D. Minn. Mar. 12, 2019). "[A] state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32 (citation omitted). Indeed, "the Minnesota Supreme Court ha[s] no obligation to read the briefing to the Minnesota Court of Appeals or the Court of Appeals' decision . . . to discern whether Petitioner was raising a federal constitutional claim." *Vann v. Smith*, No. 13-cv-893 (SRN/JSM), 2015

9

WL 520565, at *31 (D. Minn. Feb. 9, 2015) ("The Supreme Court has rejected any requirement that appellate courts be required to read lower court decisions to discern whether there is a federal claim being raised at a higher level of appeal."). Thus, if the Minnesota Supreme Court must read beyond the petition for review or brief to find the presence of a federal claim, the petitioner has not fairly presented it. *See Kingbird v. Janssen*, No. 19-cv-2760 (NEB/LIB), 2020 WL 7027873, at *4 (D. Minn. Nov. 30, 2020).

Here, Petitioner failed to cite any federal cases or constitutional provisions in his Petition for Review to the Minnesota Supreme Court. Rather, Petitioner noted that "case law has not conclusively resolved the issue" of whether a district court must provide a specific unanimity instruction. Petition for Review at 5 (citing *Canady*, 2021 WL 164518, at *4). He identified the issue for the Minnesota Supreme Court to address as whether "courts must provide a specific unanimity instruction where there is considerable confusion in the district courts and inconsistent opinions from the court of appeals on this issue." *Id*. at 3. He contended that "[a]dressing this issue is necessary to provide guidance to the lower courts," "[t]rial courts need guidance to prevent this error," and "[g]uidance is necessary to prevent the court of appeals from issuing more inconsistent opinions that further confusion [sic] at the trial court level." *Id*. at 8. Thus, even assuming Petitioner intended his claim to be federal in nature, the Minnesota Supreme Court would have had to look beyond his Petition for Review to realize that he intended the claim to be federal, which *Baldwin* makes clear a reviewing state supreme court has no obligation to do. *See Traylor*, 2019 WL 9045388, at *4.

Further, while the Court of Appeals addressed Petitioner's argument regarding the constitutional right to a unanimous verdict, the fact that Petitioner's counsel attached the Court of Appeals' decision to the Petition for Review did not properly alert the Minnesota Supreme Court to the federal nature of the claim. *See Latimer v. Smith*, 351 F. Supp. 3d 1218, 1224 (D. Minn. 2018) (finding that Section 2254 claims were unexhausted when the petitioner only raised them to the Minnesota Supreme Court by attaching a copy of the opinion of the Minnesota Court of Appeals); *Foster v. Fabian*, No. 07-cv-4317, 2009 WL 921063, at *8 (D. Minn. Mar. 31, 2009) ("[A]s other Courts in this District have held, 'incorporation' of a lower court decision or briefs submitted to such a lower court, without identifying the federal issue in the petition for review, is insufficient to fairly present a federal claim for the purposes of exhaustion.") (citations omitted); *Ellis v. Minnesota*, No. 18-cv-342 (NEB/TNL), 2018 WL 6520568, at *3 (D. Minn. Oct. 30, 2018) (same) (collecting cases), *report and recommendation adopted*, 2018 WL 6519135 (D. Minn. Dec. 10, 2018). Here, the Petition for Review, by itself, did not alert the Minnesota Supreme Court to the federal nature, if any, of Petitioner's claim. He failed to refer to a specific federal constitutional right, provision, or case, and he therefore did not fairly present a federal constitutional claim to the Minnesota Supreme Court before seeking relief in federal court. *See Traylor*, 2019 WL 9045388, at *4 (citing *Baldwin*, 541 U.S. at 32). Accordingly, the Court finds that Petitioner did not exhaust this claim.

In sum, the Court concludes that neither of Petitioner's habeas claims were fairly presented as federal claims to the Minnesota state courts. Thus, they are unexhausted.

### B. Procedural Default

When a habeas petition contains claims that have not been exhausted in the state courts, the reviewing court "must then determine whether the petitioner has complied with state procedural rules governing post-conviction proceedings, i.e., whether a state court would accord the petitioner a hearing on the merits." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (citing *Harris v. Reed*, 489 U.S. 255, 268-70 (1989) (O'Connor, J., concurring)). "A state prisoner procedurally defaults a claim when he violates a state procedural rule that independently and adequately bars direct review of the claim by the United States Supreme Court." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Thus, "a state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Id*. (citing *Murray v. Carrier*, 477 U.S. 478, 493-96 (1986)).

For the federal court to enforce a state procedural bar, it must be "clear that the state court would hold the claim procedurally barred." *Id*. The relevant question then becomes "whether there is, under the law of [Minnesota], any presently available state procedure for the determination of the merits of th[ese] claim[s]." *Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980). Minnesota law provides that once the petitioner has directly appealed his sentence, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976); *McCall*, 114 F.3d at 757. "Claims are considered 'known' [under the *Knaffla* rule] if they were available after trial and could have been raised on

direct appeal." *Vann*, 2015 WL 520565, at *6 (citing *Townsend v. State*, 723 N.W.2d 14, 18 (Minn. 2006)).

Here, both of Petitioner's unexhausted claims are procedurally barred. Petitioner's Confrontation Clause claim was clearly known to him following trial, as Petitioner's trial counsel objected to the admission of the evidence on Confrontation Clause grounds. Similarly, Petitioner's right to a unanimous verdict claim was clearly known to him following trial, as his counsel addressed his right to a unanimous verdict in his Court of Appeals Brief. Petitioner cannot bring them in a subsequent postconviction petition. *See Knaffla*, 243 N.W.2d at 741; *Schleicher v. State*, 718 N.W.2d 440, 449 (Minn. 2006). They are therefore procedurally defaulted.

"Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). "The cause and prejudice requirement shows due regard for States' finality and comity interests while ensuring that 'fundamental fairness remains the central concern of the writ of habeas corpus.'" *Id.* at 393 (quoting *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). "This rule is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show actual innocence." *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (internal citations and quotation omitted); *Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012); *Coleman*, 501 U.S. at

750-51. If a prisoner fails to demonstrate cause, the court need not address prejudice. *Mathenia v. Delo*, 99 F.3d 1476, 1481 (8th Cir. 1996).

To obtain review of a defaulted constitutional claim, "the existence of cause for procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. "Some examples of factors external to the defense which prevent a petitioner from developing the factual or legal basis of a claim are interference by the state, ineffective assistance of counsel, conflicts of interest, and legal novelty." *Mathenia*, 99 F.3d at 1480-81. Ineffective assistance of counsel claims generally must "be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray*, 477 U.S. at 488-89. In this case, Petitioner does not claim cause or prejudice. Nor does he allege actual innocence. The Court therefore cannot excuse his default. Accordingly, the Court recommends his claims be dismissed with prejudice.

### III.  CERTIFIATE OF APPEALABILITY

A habeas corpus petitioner filing a petition under 28 U.S.C. § 2254 cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A Certificate of Appealability may be granted only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to do so, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

14

In this case, it is highly unlikely that any other court would treat Petitioner's claims for relief differently than they are being treated here. Petitioner has not identified (and this Court cannot discern) anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a Certificate of Appealability in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

2. Petitioner should **NOT** be granted a Certificate of Appealability.

Date: October 4, 2022

        *s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Canady v. Bosch*
Case No. 21-cv-1491 (KMM/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).